# Richmond.

BROWN, DAVIS & CO. v. GREENHOW, TREASURER.

JANUARY 29th, 1885.

1. PRACTICE AT COMMON LAW—*Coupons—Tax-payers' remedy—Assump-sit.*—Assumpsit against collecting officer is the proper remedy of a tax-payer to recover money paid by him for taxes, after collector's refusal to accept coupons tendered in payment thereof, under act approved January 26th, 1882. Acts 1881–'82, page 37.

2. IDEM—*Pleading—Special counts—Common counts.*—In the declaration to special counts alleging the tender of tax-receivable coupons to pay the tax, and the defendant's refusal to accept the coupons, and the latter's proceeding to collect the tax in money, when payment thereof was made under protest, the common counts for money had and received, &c., may be added.

3. IDEM—*Judgment against State.*—The action under this statute is in form against the collector; but being to recover a demand growing out of his acts done *colore officii*, is substantially against the Commonwealth, and the judgment is likewise.

Error to judgment of circuit court of Richmond city, rendered 26th December, 1883, in an action of assumpsit, wherein Brown, Davis & Co. were plaintiffs, and Samuel C. Greenhow, treasurer of the city of Richmond, was defendant.

The plaintiffs being assessed with $600, license-tax for 1883, tendered past-due tax-receivable coupons, cut from bonds issued by the State, in payment thereof. The said treasurer refused to receive them, and proceeded to collect the tax in money. Then the plaintiffs paid the tax in money, under protest, and in pursuance of the act of 26th January, 1882, brought his action to recover the money so paid. The defendant demurred

to the declaration. The circuit court sustained the demurrer. To the judgment the plaintiffs. obtained a writ of error.

*Christian & Christian*, for the plaintiff in error.

*Attorney-General F. S. Blair*, for the defendant in error.

LEWIS, P., delivered the opinion of the court.

By an act approved January 26th, 1882, entitled "an act to provide for the more efficient collection of the revenue to support government, maintain the public schools, and to pay interest on the public debt," and which took effect on the 1st day of December of that year, it is enacted as follows: Section 1. "That the several tax collectors of this Commonwealth shall receive, in discharge of the taxes, license taxes, and other dues, gold, silver, United States treasury notes, national bank currency, and nothing else: provided that in all cases in which an officer charged by law with the collection of revenue due the State shall take any steps for the collection of the same, claimed to be due from any citizen or tax-payer, such person against whom such step is taken, if he conceives the same to be unjust or illegal, or against any statute, or to be unconstitutional, may pay the same under protest, and under such payment the officer collecting the same shall pay such revenue into the State treasury, giving notice at the time of such payment to .the treasurer that the same was paid under protest. The person so paying such revenue may at any time within thirty days after making such payment, and not longer thereafter, sue the said officer so collecting such revenue in the court having jurisdiction of the parties and amounts. If it be determined that the same was wrongfully collected, for any reason going to the merits of the same, then the court trying the case may certify of record that the same was wrongfully paid, and ought to be refunded; and thereupon, the Auditor of Public Accounts shall

issue his proper warrant for the same, which shall be paid in preference to other claims on the treasury, except such as have priority by constitutional requirement. * * * In all such cases, if the court certify of record that the officer defendant acted in good faith and diligently defended the action, the necessary costs incurred by him shall be taxed to and paid by the State, as in criminal cases." Acts 1881–'82, p. 37, *et seq.*

The plaintiffs in error were merchants doing business in this city, and as such, were duly assessed with a license tax for the year 1883, amounting to the sum of $600. The declaration avers that, in payment of this tax, they tendered to the defendant in error, the treasurer of the city of Richmond, the officer charged by law with its collection, certain genuine past-due tax-receivable coupons, cut from the genuine bonds of the State, and receivable for taxes due the State, amounting to the sum of $600. The declaration then proceeds as follows : "And the plaintiffs aver that from thence hitherto they have been, and still are, ready to pay to the said defendant, or to any other person authorized by law to receive the same, the said $600 in coupons in full of said taxes, and they now bring the same into court, here ready to be paid to said defendant, or to any one authorized by law to receive the same for the State. But the plaintiffs aver that the said defendant, then and there, and has at all times since, refused to receive said $600 in coupons tendered by them, as aforesaid, for said taxes, and then and there demanded payment of the same in money alone, viz.: in gold, silver, United States treasury notes, or national bank notes; and upon said plaintiffs' refusing to pay in money alone, as demanded by the said defendant, he, the said defendant, then and there proceeded to take steps against the plaintiffs for the collection of said taxes in gold, &c. Whereupon, and within thirty days, before the commencement of this action, the said plaintiffs paid to the said defendant, under protest, the amount of said taxes in money alone, viz.: $600 in gold, silver, United States treasury notes, and national bank notes, as re-

quired by the said defendant, and reserved the right to recover the said amount so paid under protest," etc. In addition to the first or special count, the declaration also contains the common counts in assumpsit in the usual form. The defendant demurred, and the circuit court overruled the demurrer as to the common counts, but sustained the same "as to the whole declaration, and to the first count thereof." And the plaintiffs not asking to amend the declaration, it was "considered by the court that the plaintiffs take nothing by their bill, and that the defendant go thereof without day," etc. To this judgment, which was pronounced on the 26th December, 1883, a writ of error was awarded by one of the judges of this court.

The tax assessed against the plaintiffs being a license tax, the treasurer was authorized by law to distrain for the same as soon as the assessor's list was placed in his hands for collection. In this respect the case is unlike the attempted collection of the general property-tax, which the various collecting officers are not authorized to take steps to collect before the first day of December in any year. This being so, the special count alleges the tender of tax-receivable coupons in payment of the tax due by the plaintiffs, the refusal of the defendant to receive the coupons, and that the latter thereupon proceeded to take steps to collect the tax in money, when payment thereof was made under protest. It also brings into court the identical coupons rejected by the officer, "ready to be paid to the defendant, or to any one authorized by law to receive the same for the State;" and, in short, it sets forth all the facts, the existence of which, under the statute, is essential to the plaintiffs' right to recover.

The statute does not prescribe the nature of the suit to be brought by the dissatisfied tax-payer, but it is evident that *an action* of some sort was contemplated by the legislature. Thus, the act provides that where *judgment* is rendered for the defendant, costs shall be taxed, etc.; and provision is also made for the payment by the State of the defendant's necessary costs,

when the court certifies that he has "acted in good faith and
diligently defended *the action*," etc. It is plain, therefore, that
a common law action was contemplated, and it is equally plain
that an action of *assumpsit* for money had and received against
the officer, whose conduct is conceived to be wrongful, is the
appropriate remedy. (By an amendatory act, passed since the
present case was brought to this court, the suit is now required
to be commenced by a *petition* filed at rules. Acts 1883–'84, p.
527.) It has long been settled that *assumpsit* will lie to recover
money illegally exacted as and for duties or taxes, where paid
under protest, or with notice of an intention to contest the
claim, unless expressly or impliedly prohibited by statute.
*Eliott* v. *Swartwout*, 10 Pet. 137; *Bend* v. *Hoyt*, 13 Id. 263;
*Cary* v. *Curtis*, 3 How. 236; *City of Philadelphia* v. *The Col-
lector*, 5 Wall. 720. It will lie in general whenever the de-
fendant has received money which is the property of the plain-
tiff, and which the defendant is obliged by the ties of natural
justice and equity to refund; 2 Rob. Pr. (new ed.), 449, 473.
It is true that the collecting officer is required to pay into the
treasury all money collected by him, giving notice of the fact
when any part of it is paid by the tax-payer under protest, and
consequently it cannot be said, in a case like the present, that
there is in the defendant's hands any money of the plaintiff's
which *ex equo et bono* he ought to refund. But the suit contem-
plated by the statute, although nominally against the officer, is
virtually against the State itself; and hence it is provided that,
if it be determined that the money sought to be recovered was
wrongfully collected and ought to be refunded, and the court
trying the case shall so certify, the Auditor shall forthwith is-
sue his warrant for the same, which shall be paid in preference
to other claims on the treasury, except such as have priority by
constitutional requirement. It is plain, therefore, that a per-
sonal judgment against the officer is not contemplated by the
statute, but that circumstance cannot affect the right to main-
tain an action, however great a departure from the ordinary

Opinion.

practice such a form of procedure may be. It is a sufficient answer to the objections which were sustained by the circuit court, that the form of proceeding suggested by the counsel for plaintiffs is sanctioned by the legislature, whose power in respect to such matters is supreme.

It is next insisted that inasmuch as the defendant, in rejecting the coupons tendered by the plaintiffs, acted pursuant to the mandate of the statute, the propriety of his action cannot be questioned in a suit brought under the provisions of the statute. In other words, that the plaintiffs cannot claim the benefit of the right to sue under the act, and at the same time deny the constitutionality of its requirement that taxes shall be paid in coin or notes only.

This objection is satisfactorily answered by the language of the act itself, which gives to the tax-payer, who pays under protest, the right to sue if he conceives the steps taken against him to be *unjust or unconstitutional*, and directs the money to be refunded if it be determined, for any reason, going to the merits of the case, that the same was wrongfully collected, etc.

It is only necessary to say further that the declaration throughout is against the defendant in his official character (*i. e.*, to recover a demand growing out of his acts *colore officii*), and that the insertion of the common counts is not only free from objection, but is in accordance with the usual practice.

The judgment must therefore be reversed, the demurrer overruled, and the case remanded for further proceedings.

JUDGMENT REVERSED.