# Richmond.

## MALLAN BROS. V. BRANSFORD, TREASURER.

### MARCH 20th, 1890.

1. ASSUMPSIT—*Taxes received and paid over*—Where tax-payer under protest pays taxes to tax-collector, who, under Code, secs. 410, 411, pays the money over into the treasury, an action of assumpsit for money had and received will not lie to recover the money. *Cary* v. *Curtis*, 3 How., 236.
2. PROHIBITION—*Issue of execution.*—Writ of prohibition will issue to a court that, in action for money had and received, rendered a personal judgment against a tax-collector, to whom, after his refusing a tender of coupons, the money for the taxes was paid under protest, which he at once paid into the treasury, such judgment being void.

Error to judgment of circuit court of city of Lynchburg awarding a writ of prohibition in a proceeding wherein John W. Bransford, treasurer of that city, was plaintiff, and J. Mallan and W. H. Mallan, partners under style of Mallan Bros., and the plaintiffs in error, J. M. Wood, a justice, and Wm. B. Davis, a constable of that city, were defendants. Opinion states the case.

*W. W. Larkin*, for the plaintiffs in error.

*Attorney-General R. Taylor Scott*, for the defendants in error.

LEWIS, P., delivered the opinion of the court.

It appears from the record that on the 7th of May, 1888, the plaintiffs in error, after having been duly assessed with a

license tax of ten dollars, on account of their business as merchants for the year 1888, tendered in payment thereof to Bransford, as treasurer, that amount in the coupons of the state, past due and purporting to be receivable in payment of all taxes, debts, etc., due the state. The treasurer, however, refused to receive the coupons in payment of the tax, but, as he alleges, did receive them for identification and verification, pursuant to the provisions of the statute, now contained in sec. 410 of the Code, and required the plaintiffs in error to pay the tax in lawful money of the United States, which they did under protest.

. They thereupon procured a warrant to be issued by a justice of the peace against Bransford, to recover the amount so paid, as and for money had and received by the defendant to their use, and obtained a personal judgment against him for that amount and eighty cents costs. Upon this judgment an execution issued, which was placed in the hands of W. B. Davis, high constable, to be levied.

Bransford thereupon applied to the circuit court of Lynchburg for a writ of prohibition, which was awarded.

We are of opinion that the judgment awarding the writ is right. The above-mentioned section of the Code makes it the duty of an officer to whom, after a tender of coupons is refused, money for taxes is paid under protest, to forthwith pay the same into the treasury, which, in the present case, was done, and hence it would be absurd to say that the law implies a promise on the part of the officer to refund it. The recovery in an action for money had and received must be *ex equo et bono*, or not at all. Unless the defendant has received money which is the property of the plaintiff, and which he is obliged by the ties of natural justice and equity to refund, there can be no recovery against him. Nothing can be more reasonable than this, and there is certainly nothing better settled.

An authority in point, if authority for such a proposition were needed, is the case of *Cary* v. *Curtis*, 3 How., 236. That

was an action of *assumpsit* against a collector of customs for moneys alleged to have been illegally exacted by him as and for duties, and paid under protest, and which, pursuant to an act of congress, the defendant had paid into the treasury; and it was held that the plaintiff was not entitled to recover. The court, after referring to the terms of the statute, making it the duty of collectors to pay into the treasury all moneys paid to them under protest for customs duties, said :

" The law declares to every one subject to the payment of duties, the disposition which shall be made of all payments in future to collectors : tells them those officers shall have no discretion over money received by them, and especially that they shall never retain it to await the result of any contest concerning the right to it; and that *quoad* this money the statute has converted those officers into mere instruments for its transfer to the treasury. With full knowledge thus imparted by the law, can it be correctly understood that the party making payment can, *ex equo et bono,* recover against the officer for acting in literal conformity with the law, converting thereby the performance of his duty into an offence ; or that upon principles of equity and good conscience, an obligation and a promise to refund shall be implied against the express mandate of the law ? Such a presumption appears to us to be subversive of every rule of right. The more correct inference seems to be, that payment under such circumstances must, *ex equo et bono,* nay, *ex necessitate,* and in despite of objection made at the time, be taken as being made in conformity with the mandate of the law and the duty of the officer, which exclude not only any implied promise of repayment by the officer, but would render void an express promise by him, founded upon a violation both of the law and of his duty."

It is very clear, therefore, that even if there were nothing more in the statute on the subject than the provision above mentioned, requiring the officer to whom money is paid under protest to forthwith pay the same into the treasury, the action

for money had and received would not lie. But the statute goes further. By the same section, a remedy is provided for the dissatisfied tax-payer in such cases, which is a suit to be commenced in any court having jurisdiction of *the parties*, irrespective of the amount involved, by a petition filed at rules, and upon the trial of which it is provided that the coupons tendered by the plaintiff shall be produced to prove the tender, and that the plaintiff shall be required to prove their genuineness, if he can. If he succeeds in doing so, he obtains a judgment, which is made by the statute a preferred claim on the treasury, and for which a warrant is issued by the auditor. And then by the section immediately following it is expressly provided that there shall be no other remedy for the person making a tender of coupons for taxes, than that just mentioned. *Brown, Davis & Co.* v. *Greenhow*, 80 Va., 118.

If the tax-payer, whose tender of coupons is refused, denies the constitutionality of the statute under which the tender is refused, as in the present case, and chooses to contest its validity, he may, without paying his taxes in money, set up the tender as a defence in any proceeding in court against him by the state, growing out of his tender and refusal to pay in money, as was done in *Royall* v. *Virginia*, 116 U. S., 572. But if he chooses to pay in money, even though payment is made under protest, he cannot sue the officer to whom the money is paid, and recover a personal judgment against him, on the theory of an implied promise to refund it, when, as we have seen, the law implies no such promise. Indeed, no court of the state, superior or inferior, has jurisdiction to entertain such a proceeding, and hence the judgment of the justice above mentioned is *void*.

The case is, therefore, a proper one for a prohibition, and the order awarding the writ must be affirmed.

JUDGMENT AFFIRMED.